UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT NEW ALBANY

| | |
|---|---|
| JAMES HARDEN | ) |
| | ) |
| v. | ) CRIMINAL CAUSE NO. 4:15-CR-00025 |
| | ) POST-CONVICTION CAUSE NO. 4:18-CV-00235 |
| UNITED STATES | ) |
| | ) |
| | ) |

## AFFIDAVIT

Comes the Defendant, LARRY D. SIMON, and after being duly sworn, states as follows:

1. That Affiant was appointed counsel for James Harden in the above-numbered criminal proceeding.

2. The Affiant was requested to provide the representative of the United States with a declaration under penalty of perjury or an affidavit that would address Mr. Harden's allegation in Ground One of his Motion filed under 28 U.S.C. Section 2255.

3. Mr. Harden asserts in his Motion that (1) undersigned counsel "did not discuss filing an appeal with" him; (2) that Mr. Harden repeatedly attempted to contact the undersigned after sentencing "to ensure that an appeal was filed in a timely manner;" that (3) the undersigned "either failed to or refused to respond to Mr. Harden's attempts to communicate;" that (4) the undersigned "was aware of Mr. Harden's desire to retain his right to file a direct appeal of an adverse sentencing decision by the Court; and (5) that "it was reasonable for the undersigned to assume" that Mr. Harden wanted his lawyer to file an appeal on his behalf.

5. In response the Affiant states that following Judge Pratt's determination that she would impose a term of 115 months imprisonment for Mr. Harden at his sentencing hearing, the Court informed Mr. Harden that he did have the right to appeal both the judgment of conviction

and the sentence he received. Immediately after the proceedings adjourned the undersigned spoke briefly with Mr. Harden while standing at the podium in the courtroom, before he was taken from the room by the Marshals. The undersigned commented that the sentence that he received was five (5) months less than the sentence recommendation the undersigned previously negotiated with the United States' representative (which took place before Mr. Harden elected to enter a quilty plea without a Plea Agreement). During this brief conversation Mr. Harden indicated that he did not want to pursue an appeal of the sentence that was imposed.

6. Also in response the Affiant states that Mr. Harden and the undersigned communicated regularly by mail over the two year period that the undersigned represented Mr. Harden. There are numerous letters that were mailed to Mr. Harden by the undersigned and many more received by the undersigned from Mr. Harden. If ordered to disclose these items of correspondence by the Court, the undersigned will comply with such a directive. A review of these items of correspondence by the undersigned, for the purpose of preparing this affidavit, shows that Mr. Harden's first contact with the undersigned after his sentencing hearing on November 28, 2017, was a handwritten letter dated April 13, 2018 (and postmarked April 16, 2018) that was received by the undersigned. Affiant responded to Mr. Harden with correspondence dated April 25, 2018.

7. Although the undersigned rarely spoke with Mr. Harden telephonically while the client was lodged in a jail facility, during the course of his criminal case the Affiant received numerous phone calls and phone messages from individuals that identified themselves as his girlfriend and his step-father. Neither of these individuals nor Mr. Harden either called or left a message at Affiant's office between the date of the sentencing hearing and the date when Mr. Harden's April, 2019 letter was received.

8.  Affiant states that Mr. Harden did not direct the undersigned to file an appeal of his judgment of conviction or of his sentence in the above-numbered criminal case.

9.  Further, Affiant sayeth not.

_____
LARRY D. SIMON, AFFIANT

STATE OF KENTUCKY
COUNTY OF JEFFERSON

SUBSCRIBED AND SWORN to before me by LARRY D. SIMON, Affiant, on this 18th day of April, 2019.

My commission expires: 7-25-2022 .

_____
NOTARY PUBLIC, STATE AT LARGE, KY

EXHIBIT 1, p. 3